## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Edmund Hodges, | ) | CASE NO. 4:19 CV 1772 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Mark Williams, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

### Background

*Pro se* petitioner Edmund Hodges, a federal prisoner incarcerated at FCI Elkton, has filed a

Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.) He was convicted in

the Northern District of Illinois on multiple counts relating to bank robbery, including brandishing

a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2). Petitioner appealed

the firearm charge, arguing there was insufficient evidence to demonstrate that he either aided and

abetted the use of a weapon, or that its use was reasonably foreseeable by a conspirator in the course

of the conspiracy. The Seventh Circuit, however, affirmed his conviction on appeal, finding there

was sufficient evidence to conclude that a gun was used in furtherance of the conspiracy, and that

the use was reasonably foreseeable as a part of that conspiracy—and in fact was a planned part of

the robbery. *See U.S. v. Hodges*, 281 F. App'x 620, 622-23 (7th Cir. 2008).

Petitioner subsequently unsuccessfully sought to challenge his firearm conviction in the

sentencing court under 28 U.S.C. § 2255. He now seeks to do so under § 2241 on the basis of

"actual innocence." (Doc. No. 1 at 2, ¶ 5.)

## Standard of Review and Discussion

A federal district court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

This petition must be summarily dismissed. Generally, a *habeas* petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a prisoner may challenge his conviction or sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001). To do so, a petitioner must establish a claim of actual innocence based on a new rule of law made retroactive by the Supreme Court. He must show that after his conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, and that the Supreme Court's newly-announced interpretation is retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules

of statutory construction unavailable for attack under section 2255.").

Here, Petitioner does not raise a plausible claim of actual innocence. His Petition does not cite or rely on any specific Supreme Court decision, unavailable at the time he sought relief under § 2255, announcing a new, retroactively-applicable rule of statutory construction demonstrating that his conduct did not violate the federal firearm statute under which he was convicted.

## Conclusion

Accordingly, Petitioner is not entitled to any relief by way of § 2241. His Petition is therefore denied, and this action is dismissed in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2019